IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv32-1-C
3:05cr405-C

| | | |
|---|---|---|
| MARK ROBERT McGOVERN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. No. 3), and subsequent pleadings by the parties.

Petitioner is presently serving an eleven month sentence imposed on December 8, 2006, for a supervised release violation.[1] (Case No. 3:05cr405, Doc. No. 28: Revocation Judgment). Petitioner has appealed that sentence to the United States Court of Appeals for the Fourth Circuit. (Case No. 3:05cr405, Doc. No. 27: Notice of Appeal).

In the present Motion to Vacate, Petitioner challenges the constitutionality of 49 U.S.C. § 46504 and the performance of his former defense counsel resulting in his guilty plea. (Doc. No. 1: Motion at ¶ 12). Respondent has moved to dismiss Petitioner's Motion to Vacate without prejudice because Petitioner is currently challenging his revocation proceedings in the Fourth Circuit. (Doc. No. 3: Motion at 2). To support this position, Respondent cites to the general rule[2]

---

[1] The defendant was convicted and sentenced for assaulting and intimidating a flight crew member of an aircraft, in violation of 49 U.S.C. § 46504. (Case No. 3:05cr405, Doc. No. 18: Judgment). Petitioner did not appeal the conviction or original sentence.

[2] Respondent reports not finding any reported cases directly addressing whether the exercise of jurisdiction over a motion to vacate a criminal conviction and sentence is proper

that "the filing of a timely appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." (Doc. No. 8: Response at 2). See In re Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991). Respondent also refers the Court to the policy concern that courts should avoid confusion and the waste of time that might flow from putting the same issue before two courts at the same time. Id. at 1190. Respondent suggests that as Petitioner has not briefed his appeal of his revocation proceeding, this Court cannot be sure that he will not raise an issue similar to those raised in his motion to vacate. As such, Respondent argues that the best course of action is to dismiss Petitioner's Motion to Vacate without prejudice.

Petitioner's claim of ineffective assistance of counsel does not relate to his revocation proceedings. Moreover, an ineffective assistance of counsel claim such as Petitioner's is not properly raised on appeal. See United States v. Martinez, 136 F.3d 972, 979-80 (4th Cir. 1998) (noting that ineffective assistance of counsel claims may only be raised on direct appeal if and only if it conclusively appears from the record that defense counsel did not provide effective assistance). Likewise, Petitioner's claim challenging the constitutionality of 49 U.S.C. § 46504 would not be considered by the Fourth Circuit in an appeal of the revocation proceeding. United States v. Francischine, 512 F.2d 827, 828 (5th Cir.1975). Because neither of the claims raised by Petitioner in his Motion to Vacate could properly be brought before the Fourth Circuit in Petitioner's direct appeal of his revocation proceeding, no danger exists that an issue in the instant matter would be considered by the Fourth Circuit at the same time.

---

when an appeal of a revocation proceeding stemming from the judgment sought to be vacated is currently pending. (Doc. No. 8: Response at 3).

**IT IS, THEREFORE, ORDERED that:**

1. Respondent's Motion to Dismiss is DENIED; and

2. No later than thirty (30) days from the filing of this Order, the United States Attorney shall file an Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, detailing Petitioner's allegations and responding to each.

Signed: May 21, 2007

Robert J. Conrad, Jr.
Chief United States District Judge