IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv32
(3:05cr405)

| | | |
|---|---|---|
| MARK ROBERT McGOVERN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1); the government's Answer (Doc. No. 11); the government's Motion for Summary Judgment (Doc. No. 12); the petitioner's Response (Doc. No. 17); and the petitioner's Motion to Supplement (Doc. No. 18). For the reasons set forth below, the Court will grant the government's Motion for Summary Judgment, deny Petitioner's Motion to Supplement, and dismiss his Motion to Vacate.

I.      PROCEDURAL HISTORY

On December 13, 2005, McGovern was indicted for interfering with a flight attendant, in violation of 49 U.S.C. § 46504. (Case No. 3:05cr405, Doc. No. 8). On January 20, 2006, he filed a plea agreement (Case No. 3:05cr405, Doc. No. 12), and then pled guilty six days later (Case No. 3:05cr405, Doc. No. 14: Acceptance and Entry of Guity Plea). On April 10, 2006, the parties filed a Joint Statement indicating there were no objections to the Presentence Report (PSR) (Case No. 3:05cr405, Doc. No. 15), and McGovern filed a separate sentencing memorandum with attached letters to the Court from himself and family members (Case No. 3:05cr405, Doc. No. 16). On May

23, 2006, the Court sentenced McGovern within the advisory guideline range to seven months' imprisonment and entered the Judgment on June 8, 2006. (Case No. 3:05cr405, Doc. No. 18: Judgment; Case No. 3:05cr405, Doc. No. 19: Statement of Reasons). McGovern did not appeal his conviction or sentence.

On November 14, 2006, a warrant was issued based on an allegation that McGovern had violated the terms of his supervised release by absconding from a half-way house and using cocaine. (Case No. 3:05cr405, Doc. No. 20: Petition). On December 8, 2006, the Court revoked McGovern's supervised release and sentenced him to eleven months' imprisonment. (Case No. 3:05cr405, Doc. No. 28: Judgment). On December 19, 2006, McGovern filed a Notice of Appeal challenging the revocation sentence.[1] (Crim. Case No. 3:05cr405, Doc. No. 27). On January 23, 2007, he timely filed the instant Motion to Vacate attacking his original conviction by alleging that 49 U.S.C. § 46504 is unconstitutionally vague and broad and that his attorney was ineffective for failing to raise his bipolar disorder as a defense. (Doc. No. 1). On November 9, 2007, he moved to supplement his § 2255 petition with claims that there was not a factual basis to support his conviction and that his attorney failed to file an appeal as directed. (Doc. No. 18: Motion to Supplement).

II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If the motion

---

[1] The Fourth Circuit dismissed the appeal on December 12, 2007, on McGovern's motion. (Case No. 3:05cr405, Doc. No. 46: Order).

is not dismissed after that initial review, the court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that McGovern is entitled to no relief on his claims; thus, a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir.1970).

    A.    Constitutionality of 49 U.S.C. § 46504

McGovern argues that 49 U.S.C. § 46504 violates the Due Process Clause of the Fifth Amendment to the Constitution because it is vague and overly broad. (Doc. No. 1: Motion at 2). This claim is precluded by the specific terms of his Plea Agreement.

McGovern's Plea Agreement included a waiver which prevents an appeal or collateral attack on the conviction except for claims of ineffective assistance of counsel, prosecutorial misconduct, or a sentence contrary to stipulations in the agreement.[2] (Case No. 3:05cr405, Doc. No. 12 at ¶ 17). McGovern does not contend that the plea agreement was invalid. At his Rule 11 hearing, the government explained the nature of the waiver, and McGovern testified that he understood it. (Case No. 3:05cr405, Doc. No. 24: Tr. at 22, 26). The Fourth Circuit has upheld such knowing waivers. United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005). McGovern has not shown that he reserved the right to challenge to the constitutionality of the statute on collateral review. Accordingly, his waiver in the plea agreement prevents his litigating this claim in his Motion to Vacate.[3]

---

    [2] McGovern's claim that his attorney was constitutionally deficient is addressed below.

    [3] Even considering the merits of McGovern's claim, he failed to provide any authority establishing that the statute is impermissibly vague or broad. In fact, courts have upheld its constitutionality. See e.g. United States v. Hicks, 980 F.2d 963, 969-70 (5th Cir. 1992) (rejecting overbreadth challenge to statute previously codified at 49 U.S.C. § 1472(j)); United States v. Tabacca, 924 F.2d 906, 912-13 (9th Cir. 1991) (rejecting vagueness challenge to § 1472(j)).

B. Ineffective Assistance of Counsel

Next, McGovern alleges that he was denied his right to effective counsel because his lawyer did not raise his bipolar disorder as a defense prior to his guilty plea. (Doc. No. 1: Motion at 2-3). To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal citations and quotation marks omitted).

The Complaint and discovery provided to counsel detailed that McGovern was highly intoxicated during the flight, so much so that flight attendant refused to serve him alcohol. (Case No. 3:05cr405, Doc. No. 1: Aff. at 1; Doc. No. 11: Ex. H, Dec. at ¶ 8). McGovern admitted to his counsel that he was drunk during the flight and that he had a long history of alcohol abuse. (Doc. No. 11: Ex. H, Dec. at ¶ 9). Counsel explained that voluntary intoxication was not a defense to the charge and McGovern, himself an attorney, agreed that voluntary intoxication led to his offensive conduct on the plane. (Id. at ¶¶ 11-12). McGovern disclosed his history of depression and discussed with counsel the mitigating role his mental health could play at sentencing. (Id. at ¶ 11). There is no evidence before the Court that counsel was informed, or had reason to believe, before the guilty plea that McGovern

4

had bipolar disorder.[4]

McGovern's statements to the Court before and at sentencing show the reasonableness of counsel's attributing his bizarre conduct to alcohol abuse rather than bipolar disorder. McGovern submitted a letter stating that his actions were "the direct result of my drinking problem (alcoholism)," that he was "extremely intoxicated," and "very out of character for me." (Case No. 3:05cr405, Doc. No. 16: Ex. A). In allocution, he took full responsibility for his actions and never mentioned his bipolar disorder. (Case No. 3:05cr405, Doc. No. 37: Tr. at 8). Likewise, he did not object to the PSR which made no mention of that condition. (Case No. 3:05cr405, Doc. No. 37: Tr. at 4; Doc. No. 13: PSR at ¶ 47). Accordingly, it is clear that counsel's performance did not fall below an objective standard of reasonableness.

McGovern also has not established prejudice by showing that the outcome would have been different if his bipolar disorder had been raised as a defense prior to his guilty plea. Courts have determined that a violation of § 46504 is a general intent crime. United States v. Grossman, 131 F.3d 1449, 1451-52 (11th Cir. 1997) (collecting cases). Defenses such as diminished mental capacity and voluntary intoxication do not apply to general intent crimes. United States v. Darby, 37 F.3d 1059, 1064 (4th Cir. 1994). McGovern does not claim he was legally insane at the time of the offense and has not shown how his bipolar disorder prevented him from forming the requisite intent to be found guilty of the crime.[5] Thus, it is clear that he is not entitled to relief on his claim of ineffective assistance

---

[4] It was not until after McGovern pled guilty and was interviewed for the PSR that he was evaluated by a jail psychiatrist and began taking medications for depression and bipolar disorder. (Doc. No. 13: Ex. E).

[5] Others have been convicted of interfering with flight attendants despite their bipolar or other mental health conditions. See e.g. United States v. Murphy, 2008 WL 190752 (D. Colo. 2008) (post-

of counsel. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

  C. Motion to Supplement

McGovern seeks to amend[6] his Motion to Vacate to include claims that no factual basis existed to convict him and that his trial counsel was ineffective for failing to file a notice of appeal when asked do so. (Doc. No. 18: Motion at 1-2). Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending § 2255 motions. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) is freely given. Id. (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

A cause of action barred by an applicable statute of limitations is futile; therefore, an untimely amendment can be denied. Id. However, Rule 15(c) allows time-barred amendments if they "relate back" to the original pleading. Id. Rule 15(c) is satisfied "when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2)). Courts have interpreted this provision as not permitting additional claims of ineffective assistance of counsel for alleged errors occurring at different stages of the proceedings than originally at issue. Id. (collecting cases).

The Judgment was entered on June 8, 2006. (Case No. 3:05cr405, Doc. No. 18). His case

---

traumatic stress disorder); United States v. Spellman, 243 F. Supp. 2d 285 (E.D. Pa. 2003) (bipolar).

 [6] McGovern seeks to add claims that are based upon events that occurred prior to the filing of his § 2255 petition in his Motion to Supplement. Therefore, the Court will construe it as a Motion to Amend. See Fed. R. Civ. P. 15(a) and (d).

became final on June 22, 2006, when the time to file an appeal expired. See Fed. R. App. P. 4(b)(1). Therefore, his limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) expired one year later on June 23, 2007. See 28 U.S.C. § 2255. Because McGovern filed his motion on November 9, 2007, well after the one year limitation period, it is untimely.[7]

McGovern's proposed amendments are not saved by Rule 15(c) because they do not relate back to his original Motion to Vacate. Initially, McGovern facially attacked the constitutionality of the statute under which he was convicted without reference to the particular facts of his case. (Doc. No. 1 at 2). In his proposed amendments, he asserts that there was a lack of factual basis to convict him. (Doc. No. 18 at 1-2). These are two different claims: one attacks that statute, the other attacks the Court's acceptance of his guilty plea. Consequently, the Court finds that the proposed factual basis claim does not relate back to the constitutional claim in the Motion to Vacate.[8]

Additionally, McGovern initially claimed his counsel was ineffective for failing to raise a bipolar disorder defense before his guilty plea. (Doc. No. 1 at 2-3). In his proposed amendments, McGovern asserts that counsel failed to file a notice of appeal when instructed to do so after sentencing. (Doc. No. 18 at 2). As noted above, claims of ineffective assistance occurring at different stages of the proceedings do not relate back. Pittman, 209 F.3d at 318 ("[t]he fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims

---

[7] McGovern dated his signature on the motion as October 31, 2007. (Doc. No. 18). Even using this earliest possible date, his motion is untimely.

[8] Even if McGovern's claim regarding the sufficiency of the factual basis were found to relate back, the amendment would still be denied as futile. The facts detailed in the PSR, to which he did not object, establish a sufficient factual basis for his guilty plea. See e.g. United States v. Gilady, 62 Fed. Appx. 481 (4th Cir. 2003) (sustaining conviction on similar facts).

relate back for purposes of Rule 15(c)"). The alleged failure to file a notice of appeal arises from different conduct than the alleged failure to investigate and present a defense based on bipolar disorder. Thus, the Court finds that McGovern's proposed failure to file a notice of appeal claim does not relate back to the ineffective assistance claim contained in his Motion to Vacate. Because neither claim in the motion satisfies the requirements of Rule 15(c), the Court will deny the proposed amendments as futile.

III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that McGovern is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The government's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**;

2. The petitioner's Motion to Supplement (Doc. No. 18) is **DENIED**; and

3. The petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

The Clerk is directed to certify copies of this order to the defendant, former counsel for the defendant, and the United States Attorney.

Signed: April 21, 2008

Robert J. Conrad, Jr.
Chief United States District Judge